# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT
(Richard C. Lee United States Courthouse, 141 Church Street, New Haven, Connecticut 06510)

|   |   |
|---|---|
| Ronald Satish Emrit, <br>    Plaintiff (Pro Se) <br><br> v. <br><br> Yale University, <br>    (Order of Skull and Bones) <br>    Defendant | ) <br> ) <br> ) <br> ) <br> )    **C. A. No.:** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF INTERLOCUTORY APPEAL

COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this notice of appeal given that there is a justiciable case or controversy which is ripe for adjudication and not moot. In addition, the plaintiff/appellant is entertaining the possibility of applying for a **writ of certiorari** to the United States Supreme Court and to have the present case at bar sent to the First Circuit Court of Appeals at the John Joseph Moakley Courthouse in Boston, Massachusetts and perhaps to the United States Supreme Court in accordance with **Rule 4 of the Federal Rules of Appellate Procedure (FRAP)**. In filing this notice of appeal, the plaintiff/appellant states, avers, and alleges the following:

> 1.) While the Federal Rules of Appellate Procedure (FRAP) are usually applicable to cases which are sent to the appellate courts in the First Circuit, the plaintiff/appellant argues that it could be considered clearly erroneous and/or an abuse of discretion for the lower court to fail to apply certain provisions under the Federal Rules of Civil Procedure (FRCP).

2.) Accordingly, if a decision of the lower court is clearly erroneous and/or an abuse of discretion, then the appellate court at the First Circuit in Boston, Massachusetts can reverse and remand the case back to the lower court with a de novo standard of review in which the lower court must expressly obey the directions given by the appellate court in the Second Circuit regarding the applicability of the Federal Rules of Civil Procedure (FRCP).

3.) Pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP), the plaintiff/appellant is looking to obtain a preliminary injunction precluding and/or enjoining anyone from Russell Trust Association from running for president or political office in the future.

4.) Pursuant to Rule 23 of Federal Rules of Civil Procedure (FRCP), the plaintiff/appellant is looking to declare and/or certify a class action lawsuit in which there is numerosity, typicality, and commonality of claims.

5.) With regards to the certification of such a class action lawsuit, the class shall be defined as any minority who has experienced invidious discrimination within the context of American jurisprudence.

6.) As such, the experience of being the recipient of invidious discrimination as a suspect classification and/or a discrete and insular minority will give anybody who joins this proposed certified class action as having standing, causation, and redressability to be part of this cause of action in which there is a justiciable case or controversy that does not involve the rendering of an advisory opinion or a non-justiciable political question for Congress (bicameralism and presentment)

WHEREFORE, the plaintiff/appellant is now filing this notice of appeal in accordance with **Rule 4 of the Federal Rules of Appellate Procedure (FRAP)** to have the present case at bar sent to the First Circuit Court of Appeals in Boston, Massachusetts. This appeal should address the issue of whether or not there should

be a preliminary injunction and/or permanent injunction precluding and/or enjoining anyone from the Russell TRust Association from running for political office in the future according to Rule 65 of Federal Rules of Civil Procedure (FRCP) and whether or not a class should be certified allowing all minorities who have suffered invidious discrimination to join a class action with commonality, typicality, and numerosity of claims with the standing, causation, and redressability to bring such a cause of action against the defendant/appellee Russell Trust Association for racism and the intentional infliction of emotional distress (IIED) and violation of the Civil RIghts Act of 1964 according to a broad interpretation of doctrine of vicarious liability and/or respondeat superior in the laws of Agency & Partnership in which the defendant/appellee Russell Trust Association should be held vicariously liable for the actions of George W. Bush in interfering with the 2000 election of ***Bush v. Gore*** in which the statute of limitations should be equitably tolled.

Respectfully submitted,

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(703)936-3043
einsteinrockstar@hotmail.com
einsteinrockstar2@outlook.com