# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT
## (Richard C. Lee United States Courthouse, 141 Church Street, New Haven, Connecticut 06510)

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Ronald Satish Emrit, | ) | |
|     Plaintiff (Pro Se) | ) | |
| | ) | **C. A. No.:3:2022cv01422** |
|     v. | ) | |
| | ) | |
| Yale University, | ) | |
|     (Order of Skull and Bones) | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR A DEFAULT JUDGMENT PURSUANT TO RULE 55 OF FEDERAL RULES OF CIVIL PROCEDURE (FRCP)

COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this motion for a joinder of a necessary and indispensable party pursuant to Rule 19 of Federal Rules of Civil Procedure (FRCP). In filing this notice of appeal, the plaintiff/appellant states, avers, and alleges the following:

1.) The plaintiff argues that a default judgment might be appropriate at the given time specifically because the defendant has not filed a responsive pleading, answer, and/or dispositive motion to the plaintiff's complaint.

2.) Although there has not been service of process through the U.S. Marshals Service (USMS) and Form USM-285, the plaintiff argues that a default judgment would still be appropriate given that there is an irrebuttable presumption that Yale University office of general counsel and/or law school should have constructive notice of any pending lawsuits in New Haven, Connecticut particularly in the federal court system.

3.) Let it be known that President Donald J. Trump does not like Jeb or George W. Bush and neither does the plaintiff; The Order of Skull and BOnes and Yale University have become the "a laughing stock" of the world and are a joke to everyone but themselves.

4.) As such, the plaintiff lives his life as if the Bush years never happened and has more respect for Rutherford B. Hayes, Grover Cleveland, and James Garfield.

5.) The plaintiff's grandfather Clarence Smith has his own holiday on May 5th of every year in Lumberton, North Carolina by proclamation of Lumberton mayor Raymond Pennington.

WHEREFORE, the plaintiff/appellant is now filing this motion for a default judgment pursuant to Rule 55 of Federal Rules of Civil Procedure (FRCP). Although there has not been service of process through U.S. Marshals and Form USM-285, there has been sufficient time for the defendant Yale University to respond to this lawsuit in the form of an answer (responsive pleading) or dispositive motion.

Respectfully submitted,

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
(703)936-3043
einsteinrockstar@hotmail.com

Case 23-586, Document 7, 04/28/2023, 3506767, Page 1 of 2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

April 28, 2023

**BY ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    Emrit v. Secretary of the Army
>        Dkt. No. 23-586
>        On behalf of Federal Defendant-Appellee, the Secretary of the Army

Dear Ms. Wolfe:

This Office has received a notice of the docketing of the above-named appeal, in which I am listed as counsel of record for the above-named federal defendant-appellee. The *pro se* plaintiff-appellant appeals from an Order of the United States District Court for the Southern District of New York, which dismissed the initial complaint *sua sponte* before the federal defendant-appellee had been served or appeared in the action. Accordingly, at this time, the federal defendant-appellee will not participate in the appeal unless requested to do so by the Court.

Nevertheless, for the limited purpose of complying with this Court's Local Rule 12.3, I am presently filing a Notice of Appearance. This letter and Notice of Appearance should not be deemed a waiver of any defense, including lack of service.

To the extent the action purports to raise individual-capacity claims against federal defendants-appellees, they do not appear to have been served, and thus have not had occasion to request representation from the Department of Justice. I accordingly do not have authority to represent them in their individual capacities and file these limited appearances only to the extent they are sued in their official capacities.